UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YASHIYAH MIKA'AL YASHAR'AL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:20-cv-02988-SEB-MPB |
| CITY OF INDIANAPOLIS, et al. | ) |
| Defendants. | ) |
| ELDER ACHASHVEROSH ADNAH AMMIYHUWD, | ) |
| Intervenor. | ) |

**ORDER DENYING MOTION TO INTERVENE**

Now before the Court is the Motion to Intervene [Dkt. 4], filed by proposed intervenor, Elder Achashverosh Adnah Ammiyhuwd. Mr. Ammiyhuwd maintains that he is entitled to intervene as of right, under Federal Rule of Civil Procedure 24(a), or, alternatively, that permissive intervention under Federal Rule of Civil Procedure 24(b), is appropriate. For the reasons detailed below, we <u>DENY</u> Mr. Ammiyhuwd's Motion to Intervene.

**Factual Background**

On November 13, 2020, Plaintiff Yashiya Mika'al Yashar'al filed this lawsuit against Defendants City of Indianapolis, Chief of the Indianapolis Metropolitan Police Department ("IMPD") Randal Taylor, Deputy Chief of Police Kendale Adams, IMPD Officers David Craig and Christopher Hester (collectively, "the City Defendants") and

1

Autoreturn, Autoreturn Chief Executive Officer John Wicker, and Autoreturn Vice-President Frank Mecklenburg (collectively, "the Corporate Defendants"), alleging that he was subjected to an unlawful stop under *Terry v. Ohio*, 392 U.S. 1 (1968), and had his "lawful biblical Israeliates automobile tag he received from [Mr. Ammiyhuwd], of the lawful and biblical tribe Judah/Tahada and the Second March To Exodus movement, to lawfully travel and express his lawful and rightful allegiance to his Most High God Ahayah Ashar Ahaya (I Am That I Am) Exodus 3:13-14 (KJV)" confiscated and his automobile towed to Autoreturn in Indianapolis.  Compl. ¶ 3.  Mr. Yashar'al alleges that Defendants' actions violated his right to freely travel as protected by the Commerce Clause of the United States Constitution as well as his rights guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

     Mr. Ammiyhuwd, a leader of the Israelite Second Exodus Movement ("S.M.T.E.M."), of which Mr. Yashar'al is a member, has moved to intervene in this action as a plaintiff in order to protect the right of all the S.M.T.E.M. members "to participate in the federally protected activity of traveling [in] intrastate and/or interstate commerce without being stopped and deprived of private property, taken without lawful reasonable suspicion and/or lawful probable cause justification while lawfully traveling without any legal commercial license, declaring their expressive association, allegiance and freedom of conscious to their nationality, their Most High G_d, Ahayah Ashar Ahayah (I Am That I Am)."  Dkt. 5 at 1.  He claims that his interests are not adequately represented in this litigation because Mr. Yashar'al has little or no legal schooling "in the

2

complexity of the lawful and legal protection of the Elder Ammiyhuwd of the S.M.T.E.M." *Id.* at 2.

### **Intervention by Right**

Mr. Ammiyhuwd first contends that he is entitled to intervene as a plaintiff by right. For intervention by right, "(1) the application must be timely; (2) the applicant must have a direct and substantial interest in the subject matter of the litigation; (3) the applicant's interest must be impaired by disposition of the action without the applicant's involvement; and (4) the applicant's interest must not be represented adequately by one of the existing parties to the action." *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985); *see also* FED. R. CIV. P. 24(a)(2).

Here, Mr. Ammiyhuwd timely filed his motion to intervene and has shown that his interests and those of his movement's members could be impeded by an outcome in Defendants' favor. However, for the reasons detailed below, he has failed to show that he has a direct and significant legal interest in this litigation or that Mr. Yashar'al will not adequately represent any interest he may have. Accordingly, Mr. Ammiyhuwd is not entitled to intervene as of right.

To satisfy the second requirement for intervention by right, "[a] proposed intervenor must demonstrate a direct, significant, and legally protectible interest in the question at issue in the lawsuit, and such interest must be unique to the proposed intervenor." *Pavlock v. Holcomb*, 337 F.R.D. 173, 180 (N.D. Ind. 2020) (citation omitted). Additionally, the interest "must be based on a right that belongs to the proposed intervenor rather than to an existing party in the suit." *Id.* (citation omitted). In

this lawsuit, Mr. Yashar'al alleges that his individual constitutional rights were violated in connection with what he claims was an unlawful search and seizure of his private property. Mr. Ammihyhuwd seeks to intervene as a plaintiff in this lawsuit in order to defend similar constitutional rights on behalf of himself and other S.M.T.E.M. members. However, we do not understand Mr. Ammihyhuwd to claim that he or any other S.M.T.E.M. member he allegedly represents has in fact been subject to a *Terry* stop or has had private property unlawfully seized. Mr. Ammihyhuwd's speculation about potentially being subject to possible future injury similar to Mr. Yashar'al's is insufficient to give him standing to intervene as a plaintiff in this litigation at this time.

Moreover, with regard to the fourth requirement of intervention by right, "there is a rebuttable presumption of adequate representation" where, as here, "the proposed intervenor and a party have the same goal." *Pavlock*, 337 F.R.D. at 180 (citing *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 799 (7th Cir. 2019)). The interests Mr. Yashar'al seeks to personally vindicate in this lawsuit are the same interests Mr. Ammihyhuwd seeks to protect on behalf of himself and the other members of his movement and, as such, both Mr. Yashar'al and Mr. Ammihyhuwd desire the same legal outcome from the litigation. Mr. Ammihyhuwd does not argue otherwise. Mr. Ammihyhuwd's only explanation for why Mr. Yashar'al does not adequately represent his interests is that Mr. Yashar'al has no legal training and does not have the same level of expertise as Mr. Ammihyhuwd in litigating the issues that are at the heart of this litigation. However, "allegations of poor legal judgment or less-than-vigorous pursuit of particular strategies do not establish inadequate representation" for purposes of

intervention by right. *Koester v. Amergen Energy Co.*, No. 06-3124, 2008 WL 879459, at *5 (C.D. Ill. Mar. 28, 2008) (citing *United States v. Bd. of Sch. Comm'rs of City of Indianapolis, Ind.*, 466 F.2d 573, 575 (7th Cir. 1972)). Thus, Mr. Ammihyhuwd has not shown that Mr. Yashar'al does not adequately represent his interests.

For these reasons, we hold that Mr. Ammihyhuwd is not entitled to intervention by right.

## **Permissive Intervention**

In the alternative, Mr. Ammiyhuwd argues that he is entitled to permissive intervention. Under Rule 24(b)(1)(B), an applicant may permissively intervene (1) when the applicant's claim or defense shares a common question of law or fact with the underlying claim; and (2) independent jurisdiction exists. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). Permissive intervention is "wholly discretionary." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). In determining whether permissive intervention is appropriate, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Courts may also consider the Rule 24(a) factors in a motion for permissive intervention, but those factors are not determinative. *See Planned Parenthood of Wis.*, 942 F.3d at 804. Here, because we have found that the interests that Mr. Ammiyhuwd seeks to protect are being adequately represented by Mr. Yashar'al, coupled with the fact that permitting Mr. Ammiyhuwd to intervene would unnecessarily broaden the issues and complicate the adjudication of Mr. Yashar'al's lawsuit, particularly given

that, like Mr. Yashar'al, Mr. Ammiyhuwd would be proceeding *pro se*, we hold that permissive intervention is not appropriate here.

## Conclusion

For the reasons detailed above, Mr. Ammiyhuwd's Motion to Intervene is DENIED.

IT IS SO ORDERED.

Date: _____8/13/2021_____     _____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

YASHIYAH MIKA'AL YASHAR'AL
37 N. Denny Street
Indianapolis, IN 46201

ELDER ACHASHVEROSH ADNAH AMMIYHUWD
37 North Denny Street
Indianapolis, IN 46201

Michael John Sullivan
CITY LEGAL - INDIANAPOLIS
michael.sullivan@indy.gov

Alissa C. Wetzel
BARNES & THORNBURG, LLP (Indianapolis)
awetzel@btlaw.com