UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YASHIYAH MIKA'AL YASHAR'AL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF INDIANAPOLIS, et al. ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> ELDER ACHASHVEROSH ADNAH ) <br> AMMIYHUWD, ) <br> ) <br> Intervenor. ) | No. 1:20-cv-02988-SEB-MPB |

**ORDER**

Plaintiff Yashiya Mika'al Yashar'al, proceeding *pro se*, filed this lawsuit on November 13, 2020, pursuant to 42 U.S.C. § 1983, against Defendants City of Indianapolis, Chief of the Indianapolis Metropolitan Police Department ("IMPD") Randal Taylor, Deputy Chief of the IMPD Kendale Adams, IMPD Officer David Craig, IMPD Officer Christopher Hester, AutoReturn, AutoReturn CEO John Wicker, and AutoReturn Vice-President Frank Mecklenburg (collectively, the "Corporate Defendants"). Now before the Court are Plaintiff's Amended Motion for Default [Dkt. 10] and his Objection to the Magistrate Judge's April 29, 2021 Order Granting Motion for Leave to File Belated Responsive Pleading [Dkt. 21].[1] For the reasons detailed below, Plaintiff's Amended

---

[1] Also currently pending is Plaintiff's original Motion for Default Judgment [Dkt. 7]. Apparently recognizing that requesting default judgment before seeking an entry of default was premature

Motion for Default is DENIED as to all Defendants and his Objection to the Magistrate Judge's Order is OVERRULED.

### I. Motion for Entry of Default Against the City Defendants and Objection to Magistrate Judge's Order Granting Extension of Time

Mr. Yashar'al filed his complaint in this action on November 13, 2020. He has sworn that he served the City Defendants on November 17 and 18, 2020. On December 16, 2020, after the City Defendants failed to answer or otherwise defend against the complaint, Mr. Yashar'al moved for a clerk's entry of default against them based on their "failure to plead or otherwise defend." Dkt. 10 at 2.

Two days later, on December 18, 2020, the City Defendants moved for leave to file a belated responsive pleading on grounds that their response deadline—December 12, 2020—was missed due to a calendaring oversight within counsel's office. Magistrate Judge Matthew P. Brookman granted that motion, reasoning that there was no evidence that the delay was prejudicial, particularly considering that the City Defendants' motion for an extension of time was filed only seven days after the original response deadline and Local Rule 6-1 would have permitted the City Defendants to request an initial extension of up to 28 days. The City Defendants have now filed their answer to Mr.

---

under Rule 55 of the Federal Rules of Civil Procedure, Plaintiff subsequently filed his Amended Motion for Default, requesting a Clerk's entry of default against all Defendants. Since that time, however he has filed two motions seeking to reinstate his original motion for default judgment and requesting a hearing on that motion [Dkt. Nos. 18 and 19]. Because, for the reasons detailed below, Plaintiff is not at this time entitled to an entry of default against any defendant, and because there must first be an entry of default against a party before default judgment can be sought, Plaintiff's Motion for Default Judgment is DENIED without prejudice. Plaintiffs' Motions to Reinstate Docket 7 are likewise DENIED without prejudice.

Yashar'al's complaint in accordance with the deadline set forth in the Magistrate Judge's order.

Mr. Yashar'al has objected to the Magistrate Judge's order on grounds that he never consented to the Magistrate Judge's jurisdiction.  However, "motions … to extend deadlines are not dispositive motions and can be ruled upon by a magistrate judge without the consent of the parties, provided that the magistrate judge has been assigned such duties."  *Kennedy v. Schneider Electric*, 2019 WL 3526549, at *5 (N.D. Ind. Mar. 6, 2019) (citations omitted).  The undersigned judge referred this case to Magistrate Judge Brookman for the determination of non-dispositive matters pursuant to 28 U.S.C. 636(b)(3), so he has authority in this case to issue rulings on motions to extend deadlines like that filed by the City Defendants.  Moreover, a magistrate judge's order on a nondispositive matter is reviewed for "clear error," meaning that "[a] district court may only overturn a magistrate's decision if the decision is 'clearly erroneous or is contrary to law.'"  *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115–16 (7th Cir. 2013) (citing Fed. R. Civ. P. 72(a)).  Mr. Yashar'al has pointed to no such error here.  Accordingly, Mr. Yashar'al's objection is OVERRULED.

Moreover, because we have affirmed the Magistrate Judge's holding that the City Defendants' failure to answer Mr. Yashar'al's complaint within the deadline was excusable neglect, and the City Defendants have since answered the complaint in compliance with the extension granted by the Court, Mr. Yashar'al is not entitled to an entry of default against them.  Accordingly, Plaintiff's Motion for Entry of Default against the City Defendants is DENIED.

3

## II. Motion for Entry of Default Against the Corporate Defendants

As discussed above, Mr. Yashar'al filed his complaint in this action on November 13, 2020 and has sworn that he served the Corporate Defendants on November 17, 2020.

Defendant AutoReturn is an active Domestic Limited Liability Company in Indiana with a registered agent, Corporation Service Company, located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana, 46204. Defendant John Wicker is the Chief Executive Officer at AutoReturn San Francisco, LLC, but we have not been provided the address of his place of business. Defendant Frank Mecklenburg is the Vice President of Indianapolis Operations at AutoReturn. It is not clear whether Mr. Mecklenburg works out of the office of AutoReturn's registered agent or at some other address.

On November 30, 2020, Mr. Yashar'al filed an Affidavit of Service alleging that the Summons and Complaint were served on all three Corporate Defendants by certified mail "[l]ocated at 2451 S Belmont Ave, Indianapolis, IN 46221." Dkt. 6 at 1. Attached to the Affidavit of Service, Plaintiff included correspondence from the United States Postal Service showing that an item was signed for and received by someone whose first name could be read as "Robert," but whose last name is illegible. There is no indication on the receipt to whom the item was addressed. *See id.* at 2.

On December 16, 2020, after the Corporate Defendants failed to answer or otherwise defend against the complaint, Mr. Yashar'al moved for a clerk's entry of default against them based on their "failure to plead or otherwise defend." Dkt. 10 at 2. The Corporate Defendants assert that they were never properly served with the Summons and

Complaint but received actual notice of this lawsuit on December 20, 2020, four days after Mr. Yashar'al moved for default, when an email to service-in-in@autoreturn.com, and claims@autoreturn.com containing Mr. Yashar'al's reply brief was forwarded to Mr. Mecklenburg via internal channels.  Two days later, on December 22, 2020, the Corporate Defendants responded to Mr. Yashar'al's motion for entry of default against them, arguing that entry of default would be improper because Mr. Yashar'al failed to properly serve AutoReturn, Mr. Wicker, or Mr. Mecklenburg under the Federal Rules of Civil Procedure and the Indiana Rules of Trial Procedure.

     Based on the current state of the record before us, we cannot determine whether proper service was effectuated on any of the Corporate Defendants.  Indiana Trial Rule 4.6 allows service upon an organization to "be made on the proper person in the manner provided by these rules for service upon individuals."  Indiana Trial Rule 4.1(a) states that "[s]ervice may be made upon an individual, or an individual acting in a representative capacity by: (1) sending a copy of the summons and complaint by registered or certified mail … to his … place of business or employment with return receipt requested and returned showing receipt of the letter."  Courts applying Indiana law have held that under Rule 4.1(a)(1), "so long as service of process was mailed to the individual's residence or place of business, and a return receipt is signed and returned showing receipt of the letter, 'service by mail is effective even if someone other than the intended recipient ultimately signs the return receipt.'"  *NNDYM IN, Inc. v. UV Imports, Inc.*, No. 3:09-cv-129, 2011 WL 1225573, at *2 (S.D. Ind. Mar. 30, 2011) (quoting *Marshall v. Erie Ins. Exchange*, 923 N.E.2d 18, 22–23 (Ind. Ct. App. 2010)).

5

Here, Mr. Yashar'al claims that he properly served the Corporate Defendants by mailing the summons and complaint to 2451 S Belmont Ave, Indianapolis, IN 46221, but it is not clear that this address is the "place of business or employment" of either Mr. Wicker or Mr. Mecklenburg. Moreover, Indiana law requires that service be made "on the proper person" and it is not clear whether Mr. Yashar'al addressed the envelope containing the summons and complaint to any specific person as the affidavit of service does not indicate to whom the envelope was addressed. All that is indicated is that someone named "Robert" signed for the item. Accordingly, Mr. Yashar'al has not made a *prima facie* showing that the Corporate Defendants were properly served.[2] *See Wal-Mart Stores, Inc. v. Kinnison*, 878 N.E.2d 540 (Ind. Ct. App. 2007) (stating that mailing pleadings to "Wal-Mart Stores, Inc." rather than to any specific person was inadequate). Without proof of proper service, an entry of default is not warranted here.

Even assuming for purposes of deciding Mr. Yashar'al's motion for entry of default that service on the Corporate Defendants was technically proper, or, at least reasonably calculated to inform the Corporate Defendants of this litigation, an entry of default is still not appropriate on the facts before us. It is well-established under Seventh Circuit law that default is generally only upheld where there is a "willful failure" to answer a complaint. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). Here, there is no such evidence. Within ten days of their deadline for answering Plaintiff's complaint and two days of receiving actual notice of this litigation, the

---

[2] A limited liability company can also be served via its registered agent, but the address at which Mr. Yashar'al attempted to serve AutoReturn is not the address of AutoReturn's registered agent.

6

Corporate Defendants responded to Plaintiff's motion for entry of default, contesting service. Given that "[t]he decision to enter default lies within the district court's discretion," *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993), and the Seventh Circuit has a longstanding policy of favoring trial on the merits over default, *Sun v. Board of Treasurers of the University of Illinois*, 473 F.3d 799, 810 (7th Cir. 2007), we find that the circumstances here do not justify the extreme remedy of default, where it is not clear that service was proper and there is no evidence that Plaintiff was prejudiced by the short delay. Accordingly, Plaintiff's motion for entry of default is DENIED as to the Corporate Defendants.

### III. Conclusion

For the reasons detailed above, Plaintiff's Motion for Default Judgment [Dkt. 7]; Amended Motion for Default [Dkt. 10]; Motion to Reinstate and for a Hearing [Dkt. 18] and Amended Motion to Reinstate and for a Hearing [Dkt. 19] are all DENIED. Plaintiff's Objection to the Magistrate Judge's Order [Dkt. 21] is OVERRULED.

IT IS SO ORDERED.

Date: 8/13/2021

_SARAH EVANS BARKER, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

YASHIYAH MIKA'AL YASHAR'AL
37 N. Denny Street
Indianapolis, IN 46201

ELDER ACHASHVEROSH ADNAH AMMIYHUWD
37 North Denny Street
Indianapolis, IN 46201

Michael John Sullivan
CITY LEGAL - INDIANAPOLIS
michael.sullivan@indy.gov

Alissa C. Wetzel
BARNES & THORNBURG, LLP (Indianapolis)
awetzel@btlaw.com