UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| YASHIYAH MIKA'AL YASHAR'AL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02988-SEB-MPB |
| | ) | |
| CITY OF INDIANAPOLIS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now before the Court are the Motion for Second Reconsideration [Dkt. 47] and Motion for Ruling [Dkt. 48], filed by *pro se* Plaintiff Yashiyah Mika'al Yashar'al and Achashverosh Adnah Ammiyhuwd, a non-party who purports to be Mr. Yashar'al's common law agent. Although not entirely clear, we understand Plaintiff in these submissions to be objecting to and/or moving to reconsider the following orders: (1) the Magistrate Judge's September 23, 2021 minute entry memorializing the fact that the telephonic initial pretrial conference held on that date was terminated after Plaintiff repeatedly ignored the Court's request that he not provide telephone access to a non-lawyer individual attempting to represent him at the conference and ordering that any future hearings and conferences before the Magistrate Judge be held in person; (2) the Magistrate Judge's October 5, 2021 order striking Plaintiff's motion to reconsider the minute order on grounds that the motion was signed by a non-attorney individual other than the *pro se* plaintiff; (3) the Magistrate Judge's November 16, 2021 order denying Plaintiff's amended motion for reconsideration of the September 23, 2021 order; (4) the

1

undersigned judge's August 13, 2021 order denying Mr. Ammiyhuwd's motion to intervene; and (5) the undersigned judge's August 13, 2021 order denying Plaintiffs' motions for default judgment and motions for hearings.  For the following reasons, Plaintiffs' motions are DENIED.

## I.      Objections to the Magistrate Judge's Orders

This Court's review of magistrate judges' orders on non-dispositive matters, such as those challenged by Plaintiff here, is governed by Federal Rule of Civil Procedure 72(a), which provides that "[t]he district court judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).  An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Fedex Ground Package Sys., Inc.*, No. 3:05-MD-527 RM, 2009 WL 5217341, at * 3 (N.D. Ind. Dec. 28, 2009) (citation omitted).

Here, each of the three orders issued by the Magistrate Judge to which Plaintiff has objected is thorough and well-reasoned and consistent with the Federal Rules of Civil Procedure as well as prevailing case law.  Plaintiff has failed to show that any of the three orders is clearly erroneous or contrary to law; his objections to those orders are therefore not well-taken.  Accordingly, based on the grounds presented in the Magistrate Judge's

orders, with which we entirely concur, both as to the cited authorities and related legal analysis, we hereby OVERRULE Plaintiff's objections.

## II. Request to Reconsider District Court Orders

To prevail on a motion for reconsideration of the district judge's orders, the movant must establish "a manifest error of law or fact or present newly discovered evidence." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011)).  A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiff's request for reconsideration—at least to the extent that we have managed to parse through his lengthy and rambling submissions—does nothing more than rehash arguments and evidence already presented to the court.  To the extent Plaintiff has recast his arguments, a motion for reconsideration does not provide the movant an opportunity for a second chance to reframe the same evidence and arguments previously presented and rejected by the district court.  Because Plaintiff does not offer any relevant newly discovered evidence, cite to dispositive legal precedent, or point to any manifest error of law or fact in the Court's analysis, his request for reconsideration of our prior orders issued in this case is DENIED.

IT IS SO ORDERED.

Date: _____6/1/2022_____

_____*Sarah Evans Barker*_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

YASHIYAH MIKA'AL YASHAR'AL
10033 Montery Rd.
Apt B
Indianapolis, IN 46235

Brandon E. Beeler
Office of Corporation Counsel
brandon.beeler@indy.gov

Mark Jason Crandley
BARNES & THORNBURG, LLP (Indianapolis)
mcrandley@btlaw.com