UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| YASHIYAH MIKA'AL YASHAR'AL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02988-SEB-MPB |
| | ) | |
| CITY OF INDIANAPOLIS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Yashiyah Mika'al Yashar'al, proceeding *pro se*, filed this lawsuit on November 13, 2020, pursuant to 42 U.S.C. § 1983. Now before the Court are the Motion for Screening Order [Dkt. 35], filed by Defendants Kendale Adams, City of Indianapolis, David Craig, Christopher Hester, and Randal Taylor (collectively, the "Municipal Defendants") and the Motion to Dismiss for Lack of Service [Dkt. 42], filed by Defendants AutoReturn, Frank Mecklenburg, and John Wicker (collectively, the "Corporate Defendants"). For the reasons detailed below, both motions are GRANTED, and Plaintiff's complaint is dismissed without prejudice.

I.  **Motion to Dismiss for Lack of Service**

The Corporate Defendants seek dismissal of Mr. Yashar'al's complaint on grounds that they have not been properly served under Rule 4 of the Federal Rules of Civil Procedure. Mr. Yashar'al has sworn that he served the Corporate Defendants on November 17, 2020.

1

Defendant AutoReturn is an active Domestic Limited Liability Company in Indiana with a registered agent, Corporation Service Company, located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana, 46204. Defendant John Wicker is the Chief Executive Officer at AutoReturn San Francisco, LLC, but we have not been provided the address of his place of business. Defendant Frank Mecklenburg is the Vice President of Indianapolis Operations at AutoReturn. It is not clear whether Mr. Mecklenburg works out of the office of AutoReturn's registered agent or at some other address.

On November 30, 2020, Mr. Yashar'al filed an Affidavit of Service alleging that the Summons and Complaint were served on all three Corporate Defendants by certified mail "[l]ocated at 2451 S Belmont Ave, Indianapolis, IN 46221." Dkt. 6 at 1. Attached to the Affidavit of Service, Plaintiff included correspondence from the United States Postal Service showing that an item was signed for and received by someone whose first name appeared to be "Robert," but whose last name is illegible. There is no indication on the receipt to whom the item was addressed. *See id.* at 2.

On December 16, 2020, after the Corporate Defendants failed to answer or otherwise defend against the complaint, Mr. Yashar'al moved for a clerk's entry of default against them based on their "failure to plead or otherwise defend." Dkt. 10 at 2. The Corporate Defendants responded saying that they were never properly served with the Summons and Complaint but received actual notice of this lawsuit on December 20, 2020, four days after Mr. Yashar'al moved for default, when an email to service-in-in@autoreturn.com, and claims@autoreturn.com containing Mr. Yashar'al's reply brief

2

was forwarded to Mr. Mecklenburg via internal channels. Two days later, on December 22, 2020, the Corporate Defendants responded to Mr. Yashar'al's motion for entry of default, arguing that entry of default would be improper because Mr. Yashar'al failed to properly serve AutoReturn, Mr. Wicker, or Mr. Mecklenburg pursuant to the Federal Rules of Civil Procedure and the Indiana Rules of Trial Procedure. The Court denied Plaintiff's motion for default on August 13, 2021. The Corporate Defendants now seek dismissal of Plaintiff's complaint against them based on lack of service.

### A. Defendants Wicker and Mecklenburg

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; "delivering a copy of the summons and of the complaint to the individual personally"; "leaving a copy of each at the individual's dwelling or usual place of abode"; or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). The Indiana Rules of Trial Procedure, in turn, provide that service may be made upon an individual by:

> (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
> (2) delivering a copy of the summons and complaint to him personally; or
> (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
> (4) serving his agent as provided by rule, statute or valid agreement.

Ind. R. Trial P. 4.1(A).

Here, Mr. Yashar'al attempted to serve Mr. Wicker and Mr. Mecklenburg by mailing the Summons and Complaint to 2451 S. Belmont Ave., Indianapolis, IN 46221. However, it is not clear that this address is the "place of business or employment" of either Mr. Wicker or Mr. Mecklenburg or the identity of the person to whom the envelope was addressed. All that is indicated is that someone named "Robert" with an illegible last name signed for the item. It is not signed by either Mr. Wicker or Mr. Mecklenburg. There is no evidence of any other attempt at service. Additionally, Mr. Yashar'al's affidavits and the attached proof from the postal service clearly show that Mr. Yashar'al made service himself, in violation of Rule 4(c), which prohibits service by a party. Fed. R. Civ. P. 4(c)(2) (requiring that a summons be served by an individual who is "not a party" to the litigation); *see Constien v. United States*, 628 F.3d 1207, 1217 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."). "This [Rule 4(c)] requirement applies with equal force to *pro se* plaintiffs." *Izaguirre v. Crown Energy Servs., Inc.*, No. 19 C 1454, 2019 WL 3302212, at *2 (N.D. Ill. July 24, 2019) (citation omitted). Plaintiff has therefore not properly served either Mr. Wicker or Mr. Mecklenburg.

**B.     Defendant AutoReturn**

Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, a corporation, partnership, or association may be served by "following state law for serving a summons … in the state where the district court is located or where service is made"; "delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—

4

if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).  The Indiana Rules of Trial Procedure provide that service may be made upon a domestic or foreign organization by serving "an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Ind. R. Trial P. 4.6(A)(1).  "Executive officer[s]" of an organization include "the president, vice president, secretary, treasurer, cashier, director, chairman of the board of directors or trustees, office manager, plant manager, or subdivision manager, partner, or majority shareholder." Ind. R. Trial P. 83(2).  The Indiana Trial Rules further provide that service under Rule 4.6(A) "shall be made on the proper person in the manner provided by these rules for service upon individuals." Ind. R. Trial P. 4.6(B).

    In this case, Mr. Yashar'al attempted to serve AutoReturn by mailing the Summons and Complaint to 2451 S. Belmont Ave., Indianapolis, IN 46221.  However, that address is not the address of AutoReturn's registered agent.  Nor did Mr. Yashar'al properly effectuate service upon Mr. Wicker, Mr. Mecklenburg, or any other executive officer of AutoReturn in the manner provided for service upon individuals.  As discussed above, the attachment to the Affidavit of Service shows that an item was delivered to a recipient whose name beyond "Robert" is illegible, and there is no indication that the Summons and Complaint were served upon an executive officer under Indiana Trial Rule 83(2).  As explained in our August 13, 2021 Order, Indiana law requires that service be made "on the proper person" and it is not clear here whether Mr. Yashar'al addressed the envelope containing the summons and complaint to any specific person, much less "the

5

proper person." *See Wal-Mart Stores, Inc. v. Kinnison*, 878 N.E.2d 540 (Ind. Ct. App. 2007) (stating that mailing pleadings to "Wal-Mart Stores, Inc." rather than to any specific person was inadequate). Also, as noted above, Mr. Yashar'al attempted service himself, in violation of Rule 4(c), which prohibits service by a party. For these reasons, mailing the summons and complaint to 2451 S. Belmont Ave., Indianapolis, IN 46221 does not constitute proper service upon AutoReturn under the Federal Rules of Civil Procedure or the Indiana Rules of Trial Procedure.

Under Rule 4(m), if a defendant is not properly served "within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if "good cause" is shown, the court "must extend the time for service for an appropriate period." *Id.* "Good cause" is not defined in Rule 4 and instead is left to the discretion of the court. *See id.* Here, although these issues with service were brought to Mr. Yashar'al's attention in the Corporate Defendants' December 22, 2020 response to his motion for default against them, and again in our August 13, 2021 Order denying his motion for default against the Corporate Defendants, he has made no attempt to perfect service since that time.

Based on these facts, we find a lack of good cause for the failed service and, since it is a matter within our discretion whether either to extend the period of time to effect proper service or to dismiss without prejudice Mr. Yashar'al's complaint against the Corporate Defendants for lack of service, we view the dismissal without prejudice as the better option. In exercising such discretion, the Federal Rules note that "[r]elief may be

justified, for example, if the applicable statute of limitations would bar the refiled action." *See* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments. Here, however, dismissing the complaint against the Corporate Defendants without prejudice will not foreclose a refiling of this lawsuit based on the statute of limitations governing Mr. Yashar'al's § 1983 claims, which does not run until October of 2022. Accordingly, we GRANT the Corporate Defendants' Motion to Dismiss without prejudice for lack of service.

## II. Motion for Screening Order

We turn next to address the Municipal Defendants' request that the Court screen Mr. Yashar'al's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides in relevant part that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; … fails to state a claim on which relief may be granted; or … seeks monetary relief against a defendant who is immune from such relief." In the Seventh Circuit, "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Griffin v. Milwaukee Cnty.*, 369 Fed. App'x 741, 743 (7th Cir. 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)). The Municipal Defendants maintain that screening is appropriate here because "[i]t is exceedingly difficult for the Municipal Defendants to comprehend what valid claims may exist against which Defendants in Plaintiff's complaint" and screening the complaint would therefore save time and legal expense. Dkt. 35 at 1. Because we agree that

7

screening Mr. Yashar'al's complaint will likely conserve judicial resources, the Municipal Defendants' Motion for Screening Order is GRANTED.

Mr. Yashar'al's entire case—at least as best as we understand it from his lengthy and disjointed complaint—seems to be based on his claim that the police unlawfully stopped him for having a fictitious license plate and then confiscated the plate and impounded his unplated vehicle.  But Mr. Yashar'al admits several times in his complaint that the traffic stop was "legal," although he also calls it "unlawful."  Dkt. 1 at 3.  He further admits that he had no valid license plate on his vehicle and claims that by failing to recognize his "biblical, spiritual" vehicle tag, Defendants deprived him of his "biblical right to be part of his blood nation."  Dkt. 1 at 17.  However, Mr. Yashar'al has no constitutional or statutory right to drive with an unofficial, unauthorized license plate.  He claims that he was not charged with a crime, but displaying a fictitious license place is a class C infraction under Indiana law.  *See* Ind. Code 9-18.1-4-5; *State of Indiana v. Yashar'al*, No. 1:21-cr-00027-JMS-TAB (Feb. 21, 2021).  These allegations are therefore legally insufficient to state a claim for violation of Mr. Yashar'al's constitutional rights under § 1983.

Moreover, Mr. Yashar'al's 29-page complaint, which we repeat is nearly unintelligible, replete with references to inapplicable biblical law, violates Rule 8(a)(2) of the Federal Rules of Civil Procedure.  That rule requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. ….'  The complaint is accordingly dismissed for violating Rule 8(a)(2) and for the additional reasons set forth herein.  *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328

8

F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).  For these reasons, Mr. Yashar'al's complaint against the Municipal Defendants is dismissed without prejudice for failure to state a claim upon which relief can be granted and for failure to comply with Rule 8.

### III.  Conclusion

For the reasons detailed above, the Corporate Defendants' Motion to Dismiss and the Municipal Defendants' Motion for Screening Order are both GRANTED.  Plaintiff's complaint is dismissed without prejudice.  He is granted leave to file an amended complaint, consistent with the requirements laid out in this order, by Monday, July 11, 2022.  If Plaintiff fails to do so, his complaint will be dismissed with prejudice, meaning he will lose his lawsuit for good.  Within thirty (30) days of the filing of any amended complaint, service of that complaint must be effectuated on Defendants.

IT IS SO ORDERED.

Date: 6/1/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

YASHIYAH MIKA'AL YASHAR'AL
10033 Montery Rd.
Apt B
Indianapolis, IN 46235

Brandon E. Beeler
Office of Corporation Counsel
brandon.beeler@indy.gov

Mark Jason Crandley
BARNES & THORNBURG, LLP (Indianapolis)
mcrandley@btlaw.com